# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Graham Packaging Company, LP,**
**Employer Below, Petitioner**

**v.)**   **No. 25-723**   (JCN: 2024015493)
(ICA No. 25-ICA-95)

**Crystal Barnes**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Graham Packaging Company, LP, appeals the August 29, 2025, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See Graham Packaging Company, LP v. Barnes*, No. 25-ICA-95, 2025 WL 2491102 (W. Va. Ct. App. Aug. 29, 2025) (memorandum decision). Respondent Crystal Barnes filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the Board of Review's order dated March 4, 2025, that found the claim administrator's order entered on March 12, 2024, was unreasonable. As a result, the Board of Review granted Ms. Barnes's petition for reasonable attorney fees and costs. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the ICA's decision is appropriate. *See* W. Va. R. App. P. 21.

On appeal, the employer argues that the ICA erred in affirming the awarding of attorney fees and costs by the Board of Review to the claimant's counsel when the claim administrator had a reasonable and factual legal basis to deny the underlying application for workers' compensation benefits. The employer contends that an investigation confirmed that the claimant's allegation of an alleged injury from a set of lockers falling onto the claimant was factually impossible. In light of the unwitnessed and factually impossible event described by the claimant and the lack of objective medical evidence of an injury, the employer argues that the action taken by the claim administrator was not unreasonable.

The claimant counters by arguing that the Board of Review correctly based its decision upon weighing all of the evidence to conclude that the claim administrator's order was unreasonable. Neither the investigation report, nor the medical records from multiple facilities, support a finding that the claimant was not injured at work on February 26, 2024. The claimant asserts that the evidence does not support the claim administrator's finding that there was no

---

[1] The petitioner is represented by counsel James W. Heslep, and the respondent is represented by counsel Sandra K. Law.

evidence of an injury. Therefore, the claimant argues that the ICA's decision should be affirmed because the record reflects that the claim administrator's denial was unreasonable under West Virginia Code § 23-2C-21(c).[2]

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: June 23, 2026**

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice H. L. Kirkpatrick
Justice James W. Flanigan

---

[2] West Virginia Code § 23-2C-21(c) defines a denial of benefits as being unreasonable if the claim administrator "is unable to demonstrate that it had evidence or a legal basis supported by legal authority at the time of the denial which is relevant and probative and supports the denial of the award or authorization."